A97A1136. SECURITY LIFE INSURANCE COMPANY v. CLARK et al.
(547 SE2d 691)

BARNES, Judge.

In *Security Life Ins. Co. v. Clark*, 273 Ga. 44 (535 SE2d 234) (2000) (*Security IV*), the Supreme Court reversed our decision in *Security Life Ins. Co. v. Clark*, 239 Ga. App. 690 (521 SE2d 434) (1999) (*Security III*), in which we affirmed the judgment of the trial court. Earlier, the Supreme Court in *Clark v. Security Life Ins. Co.*, 270 Ga. 165 (509 SE2d 602) (1998) (*Security II*), affirmed in part and

reversed in part our decision in *Security Life Ins. Co. v. Clark*, 229 Ga. App. 593 (494 SE2d 388) (1997) (*Security I*), which reversed the judgment of the trial court.

Therefore, our opinion in *Security III* is vacated, and the judgment of the Supreme Court in *Security IV* is made the judgment of this court. Further, in accordance with *Security I*, *Security II*, and *Security IV*, the judgment of the trial court is reversed and the case remanded to the trial court for proceedings consistent with *Security IV*, *Security II*, and *Security I*.

Security Life's motion to establish a briefing schedule is denied.

*Judgment reversed and case remanded. Blackburn, C. J., Pope, P. J., Johnson, P. J., Ruffin and Eldridge, JJ., concur. Andrews, P. J., concurs specially.*

ANDREWS, Presiding Judge, concurring specially.

Because of the extensive history of this case in both this Court and the Supreme Court, I write separately to attempt to ensure that, upon return to the trial court, that court will have clear guidance, thereby facilitating resolution of this matter.

1. Regarding the Clarks' Racketeer Influenced & Corrupt Organizations Act claim, pursuant to *Security Life Ins. Co. v. Clark*, 229 Ga. App. 593, 599-601 (1) (b), (c) (494 SE2d 388) (1997) (*Security Life I*), aff'd in part and rev'd in part, *Clark v. Security Life Ins. Co.*, 270 Ga. 165 (509 SE2d 602) (1998) (*Security Life II*), the trial court should be directed to enter judgment in favor of Security Life on that claim. See *Security Life Ins. Co. v. Clark*, 273 Ga. 44, 46-48 (1), (2) (535 SE2d 234) (2000) (*Security Life IV*).

2. Also, as emphasized by the Supreme Court's opinion in *Security Life IV* regarding the "law of the case," our ruling in Division 2 of *Security Life I*, dealing with the trial court's direction of a verdict for the Clarks on their wrongful interference with property rights claim, remains intact. *Security Life I*, 229 Ga. App. at 603 (2). Therefore, direction of a verdict in favor of the Clarks on that claim was error.

3. Security Life's seventh enumeration of error in *Security Life I* was also meritorious because awarding the total face value of the Clarks' insurance policies as damages on the RICO claim was error and would be error on any potentially remaining claim. See *Walker v. Grand Intl. Brotherhood &c.*, 186 Ga. 811, 820 (199 SE 146) (1938); *Brothers & Sisters of Charity v. Renfroe*, 57 Ga. App. 646, 653 (4) (196 SE 135) (1938); *Prudential Ins. Co. &c. v. Ferguson*, 51 Ga. App. 341, 345 (180 SE 503) (1935).

At trial, the only damages proven by either Clark as a result of the forged application and later wrongful rescission of their coverage were that, as of February 1996, Mr. Clark had submitted to Security Life claims in the amount of $62,330.41 which had not been paid.

Mrs. Clark did not testify at the trial, and there is *no* evidence of any damages suffered by her as a result of these events. In fact, evidence at trial showed that she had obtained better insurance at a lower rate after the rescission of Mr. Clark's policy. Therefore, Security Life is entitled to entry of judgment in its favor on *all* of Mrs. Clark's claims since a motion for directed verdict on her failure to prove damages was improperly denied.

Further, because of the improper measure of damages used for Mr. Clark on any possible remaining claims, no judgment could be entered for Mr. Clark on the record before us.

4. Mr. Clark urges, in his Supplemental Brief on the Issue of What Further Action the Court of Appeals Can Take Consistent with the Supreme Court's Decisions, that the trial court still can enter a verdict for Mr. Clark based on his fraud claim. Although that brief repeatedly refers to rulings of the Supreme Court in *Security Life II* as affirming the existence of an "insurance fraud scheme," neither *Security Life I*, *Security Life II*, nor *Security Life IV* does so.

In Division 1 (d) of *Security Life I*, the discussion of vicarious liability related only to the forgery of the Clarks' application. In concluding that vicarious liability under RICO is determined "in accordance with liability for criminal acts[,]" and not under civil standards for vicarious liability, the Supreme Court, in *Security Life II*, concluded only that

> Applying the criminal standard, . . . the trial court did not err in submitting the issue of vicarious liability to the jury. There was some evidence from which the jury could conclude that Security Life recklessly tolerated the forgery by not investigating the charge of forgery and by pressing its rescission claim long after learning that Fipps forged the application.

270 Ga. at 168 (2).

This conclusion is reiterated in *Security Life IV*, 273 Ga. at 47 (2), where the Supreme Court noted that the vicarious liability issue "was based entirely upon agent Fipps' independent act of forgery, which was not an element of the alleged RICO scheme."

5. Finally, the issue of punitive damages must be addressed, since there remains the possibility of further proceedings in the trial court, including Mr. Clark's claim of punitive damages. Although Security Life made a motion for directed verdict on the issue of punitive damages, contending that there was insufficient evidence of intent on the part of Security Life to allow the issue to go to the jury, denial of that motion was not the subject of an enumeration of error in the appeal in *Security Life I*.

The grounds enumerated in Enumeration VIII, however, regarding various arguments made by the Clarks during the punitive damages phase of the trial, are meritorious. It was improper to argue that any punitive damages assessed against Security Life would not be paid by it, but would be paid by numerous reinsurers who were not parties to the case. *Myrick v. Stephanos*, 220 Ga. App. 520 (1) (472 SE2d 431) (1996). It was improper to instruct the jury that it should consider the fact that the Clarks would have to pay tax on the punitive damages. *Ford v. Uniroyal Goodrich Tire Co.*, 267 Ga. 226, 230-232 (4), (5) (476 SE2d 565) (1996). Finally, after the jury returned its special interrogatory verdict form indicating that it did not find the specific intent required by OCGA § 51-12-5.1 (b) and (g), which was necessary in order to impose more than $250,000 in punitive damages, the trial court improperly directed the jury to reconsider only this special interrogatory answer, finding it was "inconsistent" with the RICO and fraud liability found. It is the jury's province to determine whether a defendant had the requisite intent required in order for a plaintiff to recover in excess of the $250,000 cap. *Elliott v. McDaniel*, 224 Ga. App. 848, 854-855 (5) (483 SE2d 104) (1997), rev'd on other grounds, *McDaniel v. Elliott*, 269 Ga. 262 (497 SE2d 786) (1998). The negative answer to this special interrogatory was not, as a matter of law, inconsistent with the jury's other findings, and the court erred in so concluding. Id.; *Colonial Stores v. Fishel*, 160 Ga. App. 739, 742 (1) (288 SE2d 21) (1981).

Therefore, I believe the judgment of the trial court should be reversed and remanded with direction, as stated above.

DECIDED APRIL 3, 2001.

*Sutherland, Asbill & Brennan, William D. Barwick, Teresa W. Roseborough, Robert J. Neis, Amelia T. Rudolph, Carla W. McMillian*, for appellant.

*Gregory, Christy & Maniklal, Hardy Gregory, Jr., Preyesh K. Maniklal, William S. Stone, Kevin R. Dean*, for appellees.

*Beckmann & Pinson, William H. Pinson, Jr., Goldner, Sommers, Scrudder & Bass, Henry E. Scrudder, Jr., Morris, Manning & Martin, Lewis E. Hassett, Bovis, Kyle & Burch, Steven J. Kyle, James E. Singer, Love & Willingham, Allen S. Willingham, Wesley C. Taulbee, Jones, Cork & Miller, Thomas C. Alexander, Duncan & Mangiafico, George E. Duncan, Jr., Kinney, Kemp, Sponcler, Joiner & Tharpe, F. Gregory Melton*, amici curiae.